| WAYNE FIFI | CIVIL ACTION NO. 09-0372 |
| LA. DOC #413534 | SECTION P |
| VS. | CHIEF JUDGE JAMES |
| J.B. EVANS CORRECTIONAL | MAGISTRATE JUDGE HAYES |
| CENTER | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Wayne Fifi, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 21, 2009.[1] Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the J.B. Evans Correctional Center (JBECC), Newellton, Louisiana, and he complains that he has been denied appropriate medical care for injuries he received in an accident on November 15, 2008. Plaintiff sued JBECC requesting an order directing the defendant to provide "proper medical treatment."

Plaintiff's original complaint was insufficient in several aspects. Thus, on May 8, 2009, this court issued a memorandum order [rec. doc.13] instructing plaintiff to amend his complaint. Plaintiff did so on May 19, 2009 [rec.doc.15].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Statement of the Case*

Plaintiff is an LDOC inmate housed at JBECC. On November 15, 2008, he fell from his upper bunk onto a foot locker that was in the middle of the walkway. Plaintiff states that the

---

[1] Plaintiff filed his suit in the United States District Court for the Eastern District of Louisiana. Since venue was improper in that District, the complaint was transferred to this Court on March 4, 2009. [rec. docs. 4-5]

bunk is required to have a ladder, and that the footlocker is required to be at the foot of the bed. The fall caused unspecified injury to his left arm and lower back. Plaintiff was instructed to fill out a "sick call" and he did so. Later that same morning he was seen by Nurse Allen who provided pain medication. Plaintiff requested to see a physician and to have x-rays because he was experiencing pain his lower back and left shoulder. His request for a hospital visit were denied; however Nurse Allen put him on the list to be examined by a physician. Plaintiff states that he also spoke to Warden Deville about the incident and again requested to be taken to the hospital for x-rays. Warden Deville told plaintiff that he (plaintiff) looked fine to him. Plaintiff also stated that he notified Captain Mcteir and Deputy Warden Pailett of the incident.

On November 16, 2008, plaintiff submitted an Emergency Grievance in which he alleged that he injured himself when he fell from his bunk. He complained that Nurse Allen refused to send him to the hospital for x-rays and all she did was place him on the list of inmates waiting to see the physician. [rec. doc. 11, p. 2].

On November 21, 2008, plaintiff was summoned to see the physician; however, the medical staff lost the "paper work" and plaintiff was forced to wait another week before seeing the physician. On November 22, 2008, the Nurse advised plaintiff that they could not provide any prescription medication unless it was authorized by a physician.

On November 22, 2008, plaintiff submitted an Emergency Grievance in which he complained that he was not able to obtain an examination by a physician because of lost paper-work. He also complained that he was in pain and he was not being provided medication. [rec. doc. 1, p. 6]. On November 23, 2008, he submitted a Request in which he stated that he remained in pain and that the Nurse had discontinued his pain medication. [rec. doc. 1, p. 7].

Plaintiff originally stated that he was seen by a doctor approximately two weeks following the accident. In his response to the court's memorandum order, he states that it was December 2, 2008, when he was examined by a physician. He informed the doctor about the pain in his back and arm, and also that he had started seeing blood in his stool about a week after the incident. The doctor gave plaintiff 800 mg of Motrin for pain and some unspecified medication to relieve stomach cramps. In addition, on some unspecified date he began to experience "uncontrollable bowel movement with traces of blood." He advised Nurse Allen but she provided "no assistance." Plaintiff requested extra soap to maintain hygiene but Nurse Allen refused that request. He claims that he was still seeing "traces of blood" in March 2009.

On February 2, 2009, plaintiff submitted a request complaining that the pills which were provided to him have caused the "uncontrollable stool problem and from time to time there are traces of blood..." He did not request medical attention, but instead requested extra soap. [rec. doc. 11, p. 3].

On February 16, 2009, he submitted a request in which he complained that the nurse advised him that he would have to obtain his pain medication from the store. Plaintiff advised that he was indigent and still in pain. According to plaintiff, medication was discontinued on February 9, 2009. [rec. doc. 11, p. 4].

On February 16, 2009, plaintiff submitted an emergency grievance stating, "I keep sending a request for pain pills. the nurse said they can't give to me because they sell them on the store sheet. I don't have no money in my account. What am I to do... I'm in a lot of pain." [rec. doc. 11, p. 5].

On March 27, 2009, plaintiff submitted another grievance concerning his lack of funds to

pay for the medication at the store.  On the same day, he filed a request asking Nurse Allen to ask

the doctor to give him pain medication as the pills were stopped on March 21, 2009.  Plaintiff

filed three more grievances (two on May 24, 2009 and one June 2, 2009, addressing the same

issue).

As of June 2, 2009, plaintiff claimed that he was still being denied medication and

continued to experience pain in his back and arm.   [rec. doc. 16, p. 1].

<u>Law and Analysis</u>

**I.  Frivolity Review**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.

Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court

determines that the action is frivolous or malicious or fails to state a claim on which relief may

be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025

(5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v*

*Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th

Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the

plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe*

*v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining

whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the

court must accept plaintiff's allegations  as  true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.

1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

**II.  42 U.S.C. §1983**

Section 1983 proscribes conduct by any person who, under the color of state law, acts to

deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

As previously discussed, plaintiff was specifically advised that his original complaint was deficient and was ordered to amend that complaint to state viable claims. His amended complaint cured some but not all of the noted deficiencies. Thus, accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

### III. Non-Juridical Defendant

Plaintiff has sued only the JBECC. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether JBECC is an entity which has the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. JBECC is not an entity capable of being sued. Plaintiff's suit against this non-juridical entity is frivolous.

To the extent that plaintiff attempted to name appropriate defendants by listing the names (Nurse Allen, Captain Mcteir, Deputy Warden Pailett and Warden Deville)of those individuals that he contacted on the day of the incident, those claims would also fail.

## IV.  Inadequate Medical Care

First and foremost, plaintiff's claim is one for lack of adequate medical care.  Plaintiff's claims of delayed, denied, or inadequate medical care are without merit.  Medical care claims asserted by prisoners are analyzed under the Eighth Amendment. In order to succeed on a medical care claim such as plaintiff's herein, he must establish the defendants, in each instance, were "deliberately indifferent" to his serious medical condition.  It is only this deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Gregg v. Georgia*, 96 S.Ct. 2909 (1976); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).  In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.  The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.*  A plaintiff's disagreement with the course of treatment offered by the medical staff does not establish that a constitutional violation has occurred. *See Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997);  *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th

Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra.*

In the instant case, the facts alleged in the complaint indicate that plaintiff received medical treatment, including various examinations and medication. Plaintiff's allegations, at most, state a disagreement amongst himself and the medical care providers regarding the procedures to treat his medical problems. As previously stated, such claims are insufficient to establish that a constitutional violation has occurred. Accordingly, this court finds that plaintiff's claim for inadequate medical care should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

It should also be noted that plaintiff's claim that he is being denied medication or treatment due to his indigency is without merit. In fact, documents produced by plaintiff indicate otherwise. First of all, the "Resident Activity Statement" submitted in support of his application to proceed in forma pauperis shows that plaintiff has been permitted to make a number of purchases of prescription and over the counter medications. [rec. doc. 9]. Further, several "Medical Co-Payment Charge Sheets" show the purchase of prescription and over-the-counter medication.

## V.  Supervisory Liability and Grievances

To the extent that plaintiff attempted to name Wardens  Pailett and Deville as defendants, those claims must fail.  Specifically, "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).  Plaintiff has not alleged facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by these individuals.

Further, to the extent that plaintiff complains that his grievances were not responded to, plaintiff should be aware that such allegation does not implicate the constitution.  More specifically, "when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Oladipupo v. Austin*, 104 F. Supp.2d 626, 637, citing, *Flick v. Alba, et al,* 932 F.2d 728 (8th Cir. 1991).  The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally protected  right to have his complaints and grievances investigated and resolved.  Inasmuch as the result of these complaints and grievances have no bearing on the duration of plaintiff's confinement, plaintiff

cannot show the existence of a state created liberty interest in their investigation and ultimate resolution. See *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).  In sum, as plaintiff does not have a constitutional right to have his grievances entertained, it follows that the referenced individuals did not have a duty to take action with regard to plaintiff's grievances.  Consequently, any argument by plaintiff that the failure answer his grievances violates his constitutional rights, lacks an arguable basis in law and should be dismissed as frivolous as such claims are not cognizable under §1983.

## VI.  Bunk/Ladder/Trunk Claim

Likewise, plaintiff's allegations that JBECC or any of the other referenced individuals are responsible for his fall and alleged resulting injuries because there was a trunk in the walkway when he fell from a top bunk that was not equipped with any climbing apparatus, do not constitute violations of the Constitution. Two requirements must be met before Section 1983 liability will arise for constitutional violations relating to conditions of confinement of the type plaintiff described.  First, the alleged deprivation must objectively be "sufficiently serious," which means that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To rise to the level of a constitutional violation, the conditions must be " 'so serious as to deprive [plaintiff] of the minimal measure of life's necessities,' in this case the basic human need for sanitary conditions." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (C.A. 5 (Miss.) 2003), (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)). Second, the inmate must show, as explained above in the court's discussion of plaintiff's medical care claims, that a prison official was deliberately indifferent to inmate health or safety. *Id*.  Again, in this regard, a prison official

cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837 (emphasis added). Thus, plaintiff must allege facts sufficient to establish that the defendants knew he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Plaintiff fails to allege any such facts when he complains about the trunk or the lack of a ladder to get into and out of the top bunk. A reasonable means of getting into the top bunk, if the inmate would have taken reasonable care for his own safety, was available. The Constitution does not require ladders for bunk beds to remedy the fall experienced by plaintiff. Although the conditions he described may be imperfect and inconvenient, plaintiff has failed to allege either deprivations so extreme that they violate the Constitution or meet the requirements of *Farmer*, and this claim does not rise to the level of constitutional violation. At best, under these circumstances, plaintiff asserts a garden variety tort claim, not a claim of civil rights violations cognizable under Section 1983. Claims arising from allegedly negligent acts do not give rise to relief under Section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993) (negligent medical care); *Hare v. City of Corinth*, 74 F.3d 633, 641-42, 646 (5th Cir.1996) (negligence insufficient to support failure to protect claim under Section 1983); *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir.1996) (negligence cannot support Section 1983 action for deprivation of religious rights or for an Eighth Amendment claim based upon prison officials' alleged gross negligence in permitting a gas leak to occur); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir.1992), vacated on other grounds, 15 F.3d 443 (5th Cir.1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state

actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution."). Thus, plaintiff's claims in this regard should be dismissed as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 22, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE